TURNERS FALLS POWER & ELECTRIC CO., PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26305.   Promulgated December 1, 1927.

*Howard W. Brown, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the respondent.

436

OPINION.

Smith: Section 204(a) of the Revenue Act of 1921 defines the term "net loss." Subdivision (b) of the same section provides:

If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; * * *

Section 200 of the same Act provides:

That when used in this title—

(1) The term "taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term "fiscal year" means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1921, shall be the calendar year 1921 or any fiscal year ending during the calendar year 1921.

In *Appeal of Arthur Walker & Co.*, 4 B. T. A. 151, the Board held:

For the fiscal year ending March 31, 1921, taxpayer sustained a net loss as defined in section 204(a) of the Revenue Act of 1921. With the approval of the Commissioner it changed its fiscal year and filed a return for the period beginning April 1, 1921, and ending February 28, 1922, and claimed the right to deduct a portion of such net loss from the income for such period. *Held*, that no part of such net loss may be allowed as a deduction.

The petitioner claims that its case is distinguishable from the above appeal for the reason that the petitioner is not attempting to deduct a net loss for a twelve-month period from the income of a succeeding period less than a twelve-month period; that the petitioner is claiming the right to deduct a net loss for a fractional part of a year from the gross income of a full taxable year. We are not impressed, how-

ever, by this argument. The reasoning in the *Arthur Walker & Co.* appeal is equally applicable here. Congress has specifically defined the term "taxable year" as meaning a twelve-month period. In the Revenue Acts of 1924 and 1926, Congress has seen fit to define a taxable year differently and to provide that "The term 'taxable year' includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made."

It has not provided that this new definition for a "taxable year" shall have any retroactive effect. We must assume that if Congress had intended it to have a retroactive effect it would have so provided. This it has not done. To modify the definition of the term "taxable year," as contained in the Revenue Act of 1921, for the purpose of giving relief to the instant petitioner, would, as said in the *Walker & Co.* appeal, *supra*, be tantamount to legislation. For these reasons the point in issue must be decided adversely to the contentions of the petitioner.

*Judgment will be entered for the respondent.*

Considered by TRUSSELL, LOVE, and LITTLETON.